UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,    CASE NUMBER: 00-186-CR-McVerry

*Plaintiff,*

v.

WAYNE OTTEY,

*Defendant.*

_____/

## MOTION FOR A BILL OF PARTICULARS

The Defendant, **WAYNE OTTEY**, by and through his undersigned counsel, and pursuant to the Fifth Amendment of the United States Constitution, and Rules 7 (c) (1) and Rule 7 (f) of the Federal Rules of Criminal Procedure moves for a Bill of Particulars. In support of this Motion, the Defendant will show:

1. Count I of the criminal indictment in this case encompasses a continuing conspiracy over a period of eleven years <u>without naming any co-conspirators</u>. The conspiracy allegedly took place in the Western District of Pennsylvania and elsewhere.

2. The indictment alleges a conspiracy to distribute or possess with intent to distribute five kilograms or more of cocaine?

## MEMORANDUM OF LAW

### A Bill of Particulars Should be Provided by the Prosecution

Federal Rule of Criminal Procedure 7 (c) ensures an indictment shall contain a "plain, concise, and definite written statement of the essential facts constituting the offense charged" against a defendant. It is axiomatic of our legal system that an

indictment is scribed in such a fashion. When an indictment falls short of this standard, a defendant may seek the remedy provided in Rule 7 (f) of the Federal Rules of Criminal Procedure by a motion for a bill of particulars. Section (f) of this rule serves three established purposes: (1) to enable a defendant to prepare his defense; (2) to avoid prejudicial surprise at trial; and (3) to protect a defendant against double jeopardy. *See Wong Tai v. United States, 273 U.S. 77, 82 (1927); United States v. Rosa, 891. F.2d 1063 (3d Cir. 1989); United States v. Bortnovsky, 820 F.2d 572, 574 (2d Cir. 1987); Remmer v. United States, 205 F.2d 277, 281 (9th Cir. 1953); United States v. Meija, 448 F.3d 436, 445 (C.A.D.C. 2006); United States v. MacFarlane, 759 F. Supp 1163.*

This District has held that "under [Rule 7(f) of] the Federal Rules of Criminal Procedure, it is within the sound discretion of the court to determine whether a bill of particulars should be provided," and the court should grant such motions when "necessary to prevent unfair surprise at trial." *United States v. Rosa, 891. F.2d 1063 (3d Cir. 1989); United States v. Robinson, 2007 U.S. Dist. Lexis 17629 (D.C. Middle District of Penn).*

This indictment on its face is vague and undefined to such a degree that it opens the Defendant to all three risks the bill of particulars is designed to remedy. The indictment charging the Defendant reads as follows:

> "From in or around 1989, and continuing thereafter to in or around January, 2000, in the Western District of Pennsylvania and elsewhere, the defendants, WAYNE OTTEY and (name omitted), did knowingly, intentionally, and unlawfully conspire with one another and with persons both known and unknown to the grand jury, to distribute and possess with intent to distribute a mixture and substance containing a detectable amount of cocaine base, in the form commonly known as crack, both Schedule II controlled substances. The amount of cocaine distributed

>or possessed with intent to distribute during the course of the conspiracy exceeded five (5) kilograms, and the amount of cocaine base distributed or possessed with intent to distribute during the course of the conspiracy exceeded fifty (50) grams, contrary to the provisions of Title 21, United States Code, Section 841(a)(1) and 841(b)(1)(A)(ii) and (iii).
>In violation of Title 21, United States Code, Section 846.

The indictment <u>does not refer to any specific overt acts</u> or dates of significance over the alleged <u>eleven year conspiracy</u>. Rather, the indictment simply charges in one count that an alleged narcotics conspiracy took place from January 1989 until January 2000. The indictment only follows the statutory language in its most general terms. This indictment is not detailed at all!

At the pretrial detention hearing before Magistrate Judge Lisa Lenihan on February 9, 2007, the government proffered the evidence it had in its possession in support of the indictment. That evidence is summarized below:

<u>1989-1991</u>

a)     Witness six: selling cocaine for the Defendant as early as 1989 and sent large sums of cash through Western Union over this period.

<u>1995-1996</u>

b)     Witness seven: the Defendant distributed cocaine to him in the mid 1990's on at least three occasions in the Western District of Pennsylvania.

c)     Witness eighteen: saw the Defendant wrap up money and ship it to California two times a month in 1995 and 1996.

<u>1999</u>

3

d)      Witness eleven: In 1999 transported cocaine from California to Pittsburg for an associate of the Defendant. In 1999, she transported on two or three occasions cocaine for the Defendant.

e)      Witness fourteen: present ten times, saw the defendant package cocaine in suitcases in Oakland, California. No dates provided, probably 1999.

f)      Witness sixteen: saw the Defendant with a kilo of cocaine in California in May, 1999.

There is a substantial likelihood that the government has charged in one Count two or more separate unrelated conspiracies: The conspiracy from 1989 through the mid 1990's of allegedly selling cocaine in the Western District of Pennsylvania is unrelated to the conspiracy in late 1999 of transporting cocaine from Oakland, California to the Western District of Pennsylvania.

It is <u>impossible</u> to ascertain with any other means the names of the six above unindicted co-conspirators, or of the twelve or more other co-conspirators known to the government. It is impossible to prepare a defense without knowing when these individuals joined the conspiracy as there is no overt act proffered. The proffer of witness/informants selling cocaine for the Defendant from 1989 through the mid 1990's (sixteen years ago!) is grossly insufficient without alleging any specific overt act, with the dates and the amount of cocaine distributed or possessed.

In order to prepare his defense, the Defendant would be severely prejudiced without the names of these eighteen individuals.

In *United States v. Ahmad, 53 F.R.D. 194 (D.C. Middle Dist. Penn. 1971)*, Judge Herman ordered the disclosure of the names and address of all co-conspirators, despite an

US v. Wayne Ottey
Case No.: 00-186-CR-McVerry

indictment naming <u>eight defendants</u> and charging that they conspired with <u>four other named persons</u>, and other persons unknown to the Grand Jury. Judge Herman also ordered the government to specify the dates meetings took place and the time of such meetings.

In the present case, the Defendant is charged in a conspiracy without any statement of an overt act or a specific date of significance other then a general start and end date. This indictment, without any other information, leaves the defendant without the ability to craft a defense. In *United States v. Akins*, 05-cr-350, this very Court denied a bill of particulars when a defendant was charged in one conspiracy from August 2004 to August 2005 (one year not eleven years!). However, there, the government identified two alleged co-conspirators and there were wire-tap recordings and evidence of every controlled buy of narcotics.

A bill of particulars should contain the particular contributions of the unindicted co-defendants not already identified in the indictment upon which the government intends to rely at trial. *United States v. Trie, 21 F. Supp. 7 (DDC 1991)*. In the present case, the government has left all overt acts and any specific dates out of the indictment.

The indictment charges a single count of conspiracy; however, it is void naming a single co-conspirator. A defense for conspiracy relies on knowledge of the co-conspirators to establish involvement, knowledge, and other issues of relevancy. Therefore, a bill of particulars is necessary to adequately prepare for trial. The Defendant is "entitled to a bill of particulars setting forth the names of all persons the government would claim at trial were co-conspirators (whether or not they will be called as trial witnesses), the approximate dates and locations of any meetings or conversations not

5

already identified in the indictment in which [the] defendant allegedly participated, and the approximate date on which [the] defendant allegedly joined the conspiracy." This knowledge is especially pertinent in regards to a conspiracy charge because the Defendant can be held responsible for the actions of other co-conspirators. *See United States v. Resko, 3 F. 3d 684, 696 (3rd Cir. 1993)* (defendant may be held liable for acts by all co-conspirators even when he "did not know all the details of goals of the conspiracy").

Our justice system is founded on the maxim "innocent until proven guilty," however under these conditions the indictment is inapposite with this system. Essentially, "the government's position presume[s] that the defendant knows what the government alleges what he did and with whom he dealt and therefore has all the information he needs, a premise inconsistent with the presumption of innocence, but it smacks of gamesmanship." *United States v. Trie*, 21 F. Supp. 2d 7, 21 (D.C.C. 1998). Moreover, the Advisory Committee noted in the 1966 amendments to rule 7 (f) that this rule is "designed to encourage a more liberal attitude by the courts towards bill of particulars without taking away the discretion the courts must have in dealing with such motions in individual cases."

Accordingly, a bill of particulars should be filed by the government as to the overt acts to be relied on at trial and to the identities of co-conspirators in order to prepare a defense, avoid the risk of unfair surprise, and to avoid any double jeopardy implications. See *United States v. Addonizio, 451 F. 2d 49 (3rd Cir. 1971)*. The Defendant requests an evidentiary hearing.

        /s Alan R. Soven
Alan R. Soven (Florida Bar Number 259421)
soven@bellsouth.net
**Law Offices of Alan R. Soven**
777 Brickell Avenue
Suite 1210
Miami, Florida 33131
Telephone: (305) 373-4400
Facsimile: (305) 381-7135
Attorneys for Defendant Wayne Ottey

## Certificate of Service

I hereby certify that on June 12, 2007, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

        s/ Alan R. Soven
        Alan R. Soven

## SERVICE LIST

United States of America v. Wayne Ottey
Case No.: 00-186-CR-McVerry
United States District Court, Western District of Pennsylvania

Greg Nescott, AUSA
United States Post Office & Courthouse
700 Grant Street, Suite 4000
Pittsburgh, PA 15219
Attorney for Plaintiff, United States of America
Via Email