```
          IN THE UNITED STATES DISTRICT COURT
       FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA      )
                              )
          v.                  )  Criminal No. 00-186
                              )
WAYNE OTTEY                   )
```

## GOVERNMENT'S RESPONSE TO
## DEFENDANT'S MOTION TO DISMISS INDICTMENT

AND NOW, comes the United States of America by its attorneys, Mary Beth Buchanan, United States Attorney for the Western District of Pennsylvania, and Gregory J. Nescott, Assistant United States Attorney, and respectfully represents the following.

The defendant Wayne Ottey has now filed a motion averring that the Sixth Amendment speedy trial clause has been violated, in that government agents failed to diligently seek to arrest him in the more than six years since his indictment in 2000, and that the indictment against him should therefore be dismissed.

After a review of agency files and interviews with agents, the government is unable to establish, at this time, through files or testimony, exactly what efforts were made to locate the defendant.

## FACTS

On October 10, 2000, an arrest warrant was issued for the defendant following his indictment in the above-captioned case by a grand jury sitting in the Western District of Pennsylvania. The indictment and arrest warrant were filed under seal.

Initially, case agents took responsibility for finding the defendant and executing the arrest warrant. One witness told agents in 2000 that the defendant was planning to return to England late in 1999, before he was indicted. The government was aware, through Ottey's immigration records, of his prior address in England.

Some efforts were made to interview associates of the defendant in the Washington, D.C. area in an attempt to locate him shortly after his indictment, but were fruitless.

It is believed that additional efforts were made to locate Ottey between his indictment in 2000 and 2004, but agency files do not reflect the extent of those efforts.

On or about October 7, 2004, the United States Marshal assumed the responsibility of searching for Ottey, and thereafter updated the arrest warrant every six months, and ran national computer (NCIC) checks.

On January 25, 2007, the defendant was arrested outside Richmond, VA on the 2000 arrest warrant issued in the WDPA.

**BARKER AND DOGGETT**

In Barker v. Wingo, 407 U.S. 514 (1972), the Supreme Court set out a four-factor test for determining whether delay between the initiation of criminal proceedings and the beginning of trial violates a defendant's Sixth Amendment right to a speedy trial. The test requires a court to consider the length of the

delay, the cause of the delay, the defendant's assertion of his right to a speedy trial, and the presence or absence of prejudice resulting from the delay.  407 U.S. at 530-533.

Then, in Doggett v. United States, 505 U.S. 647 (1992), the Supreme Court held that an "extraordinary" 8 1/2 year delay between the defendant's indictment and arrest violated his right to a speedy trial, even in the absence of proof of particularized prejudice.  505 U.S. at 652, 655, 657.

The Doggett test altered the Barker test only slightly, requiring a court to consider 1) whether the delay before trial was uncommonly long, 2) whether the defendant or the government were more to blame for the delay, 3) whether the defendant asserted his rights to a speedy trial, and 4) whether he suffered prejudice as a result of the delay.  Id, at 651.

The Doggett court noted that the lower courts considered a delay that approached one year to be "presumptively prejudicial" (Id. note 1).  In this case, it is inarguable that the delay between Ottey's indictment and arrest exceeded six years and three months.

Although the government believes that it can establish some aspects of a diligent search, the lack of documentary or testimonial corroboration at this time likely cannot establish that Ottey was more to blame for the delay than the government.

Under the third prong of the Barker/Doggett test, the defendant appears to have timely asserted the alleged violation of

3

the speedy trial clause.

Lastly, as to proving prejudice, a defendant must describe the alleged delay-induced prejudice with some minimal level of specificity. See U.S. v. Bass, 2006 WL 2482824 at *7 (6th Cir. August 30, 2006). Here, Ottey makes a bare allegation that "faded memories due to the delay seriously hindered the Defendants [sic] ability to defend himself against the charges alleged in the indictment."

However, the Doggett court noted that the purpose of the prejudice prong of the Barker analysis is to limit the possibility that the defense will be impaired in defending against the allegations, and concluded that "excessive delay presumptively compromises the reliability of a trial in ways that neither party can prove or, for that matter, identify" (Doggett, at 655). "While such presumptive prejudice cannot alone carry a Sixth Amendment claim without regard to the other Barker criteria. . . it is part of the mix of relevant facts, and its importance increases with the length of delay" (Id., at 655-656).

In this case, the government had a possible address for Ottey in England, and Ottey has proffered, in his motion and attachments, evidence that he was indeed living at that address five years ago, around 2002. The government is unable to rebut that evidence.

Under the circumstances, the government here believes it cannot carry its burden of proof under <u>Barker</u> and <u>Doggett</u>.

        Respectfully submitted

        MARY BETH BUCHANAN
        United States Attorney

    s/ <u>Gregory J. Nescott</u>
        GREGORY J. NESCOTT
        Assistant U.S. Attorney
        PA 27331
        U.S. Attorney's Office
        U.S. Post Office & Courthouse
        700 Grant Street, Suite 400
        Pittsburgh, PA 15219
        Office: 412-644-3500
        Fax: 412-644-2645
        gregory.nescott@usdoj.gov