**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

UNITED STATES OF AMERICA      )
                                      )
          v.                    )      02: 00cr186
                                        )
WAYNE OTTEY                    )

**MEMORANDUM ORDER**

Presently before the Court is a MOTION TO DISMISS INDICTMENT (Document No. 36) filed by Defendant Wayne Ottey.  Defendant contends that this prosecution violates the speedy trial clause of the Sixth Amendment and Fed. R. Crim. P. 12(b)(3)(A).  The government filed a response on August 20, 2007 (Document No. 40) and the motion is ripe for resolution.

A sealed indictment was filed in January 2000, which charged Ottey with engaging in a conspiracy to possess and distribute cocaine from 1989 through January 2000.  For the next seven years, Defendant alleges that he was unaware of the indictment and lived openly, in his own name, at his mother's home in England.  Ottey asserts that he had several utility bills, tax bills and social security benefits in his name at that address.  Defendant contends that the government made no effort to find him.  In January 2007, Ottey was a passenger in a vehicle stopped by Virginia State Police and the outstanding warrant was discovered.

In *Doggett v. United States*, 505 U.S. 647 (1992), the Supreme Court established a four-part test for "speedy trial" claims: (1) whether the delay before trial was uncommonly long; (2) whether the government or the criminal defendant is more to blame for that delay; (3) whether, in due course, the defendant asserted his right to a speedy trial; and (4) whether he suffered prejudice as the result of the delay.  *Id.* at 651.  The presumption of prejudice intensifies over time.  The Court held that the delay of 8 ½ years in *Doggett* caused by the

government's negligence violated the defendant's speedy trial rights even though he could not demonstrate prejudice. *Id.* at 652. Moreover, the Court commented that the government had made no serious effort to find Doggett and, had they done so, could have found him within minutes. *Id.* at 652-53.

The Court finds that each of these factors weighs heavily in favor of Defendant. Indeed, the government forthrightly concedes that "it cannot carry its burden of proof under *Barker* and *Doggett*." A delay of seven years is "uncommonly long." The delay is accenuated by the fact that the indictment involves conduct stretching back almost eighteen years. The Court finds that the government is more to blame for the delay than Defendant. Ottey asserts that he lived openly, albeit in England. The government is unable to substantiate "exactly what efforts were made" to locate Ottey. Defendant clearly asserted his right to a speedy trial in a timely fashion. Finally, as in *Doggett*, the delay in this case is presumptively prejudicial. In any event, the Court is persuaded that the delay would make it very difficult for Ottey to receive a fair trial due to faded memories and/or unavailability of witnesses.

Accordingly, the MOTION TO DISMISS INDICTMENT (Document No. 36) filed by Defendant Wayne Ottey is **GRANTED**. All other pending motions are **DENIED AS MOOT.**

So **ORDERED** this 21st day of August, 2007.

BY THE COURT:

s/Terrence F. McVerry
United States District Court Judge

cc:         Gregory J. Nescott,
            Assistant U.S. Attorney
            Email: gregory.nescott@usdoj.gov

            Martin A. Dietz
            Email: MDietzEsq@aol.com

            Alan R. Soven
            Email: soven@bellsouth.net